Robert F. Brennan, Esq. [S.B. #132449]
**LAW OFFICES OF ROBERT F. BRENNAN, A P.C.**
2103 Montrose Ave., Suite D
Montrose, Ca. 91020
Phone [818] 249-5291,Fax [818] 249-4329
Email: rbrennan@brennanlaw.com

Stephanie R. Tatar, Esq. (S.B.237792)
TATAR LAW FIRM, APC
3500 West Olive Avenue Suite 300, Burbank, CA 91505
Phone: (323) 744.1146, Fax 323.967.7775
E-mail: stephanie@thetatarlawfirm.com

Attorney for: Plaintiff: Michael Pavel

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PAVEL, an Individual,<br><br>　　　　Plaintiff,<br><br>　　　　vs.<br><br>TESLA ENERGY OPERATIONS, INC, a business entity, form unknown; EQUIFAX INFORMATION SERVICES, LLC, and DOES 1-10, Inclusive,<br><br>　　　　Defendants. | Case No.:  2:21-cv-2393<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. FAIR CREDIT REPORTING ACT<br>2. ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT<br>3. CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT.<br>4. VIOLATION OF BUSINESS AND PROFESSIONS CODE 17200<br><br>**Jury trial demanded.** |

Plaintiff alleges:

　　1. Plaintiff Michael Pavel ("Plaintiff") is a resident of Clark County, State of Nevada.

2.  Defendant TESLA ENERGY OPERATIONS, INC ("TESLA") is a company, which among other activities, reports allegedly delinquent debts to credit bureaus and is a "furnisher" under the Fair Credit Reporting Act.

3. Defendant EQUIFAX INFORMATION SERVICES LLC ("EQUIFAX), is a business entity, form unknown, doing business in the State of California as credit bureau which receives negative credit information about consumers and which then publishes such information in credit reports available to its subscribers.

4. Defendants DOES 1-10 are individuals and business entities, form unknown, doing business in the State of California as credit reporting agencies, debt collection agencies, creditors or other persons or entities which engage in credit reporting and/or debt collection.  DOES 1-10, Inclusive, includes individuals or business entities doing business in the State of California as credit reporting agencies, debt collectors and/or creditors who have refused to delete accounts of Plaintiff that were procured through identity theft, mixed file or other manner of recording an inaccurate credit account, even after Plaintiff has notified them of the false or inaccurate derogatory, and also who have reported such accounts as derogatory credit references to credit reporting agencies.

5. Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise of Defendants sued herein as Does 1 through 10, inclusive.  Plaintiff is informed and believes and on that basis alleges that Defendants Does 1 through 10, inclusive, are in some manner responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendants or as its agents, servants, employees and/or joint venturers and as set forth in this complaint, and that each of them are legally liable to Plaintiff, as set forth below and herein:

a) Said Officers, directors or managing agents of Defendants personally acted willfully with respect to the matters alleged in this complaint;

b) Said officers, directors or managing agents of Defendants personally authorized, approved of, adopted and/or ratified the acts alleged herein or the agents, servants, employees and/or joint venturers of Defendants did so act;

c) Said officers, directors or managing agents of Defendants personally participated in the acts alleged herein of Defendants;

d) Said Officers, directors or managing agents of Defendants personally had close supervision of their agents, servants, employees and/or joint venturers of Defendants;

e) Said Officers, directors or managing agents of Defendants personally were familiar with the facts regarding the matters alleged herein;

f) Said Officers, directors or managing agents of Defendants personally failed to investigate the circumstances appertaining to the acts alleged herein. They also failed and refused to repudiate the herein alleged actions and failed to redress the harm done to Plaintiff.  Further, said Officers, directors, or managing agents of Defendants failed and refused to punish or discharge the said agents, servants, employees and/or joint venturers of Defendants, even after learning of the acts of the agents, servants, employees and/or joint venturers of Defendants. Plaintiff will seek leave to amend this complaint to set forth the true names and capacities of said fictitiously named Defendants as enumerated above, together with appropriate charging allegations, when learned.

6. Plaintiff is informed and believes, and thereon alleges that at all relevant times herein each Defendant, whether actually or fictitiously named, was the principal, joint venturer, agent, servant or employee of each other Defendant, and in acting as such within the course, scope and authority of such relationship, took some part in the acts and omissions hereinafter set forth, by reason of which each Defendant is liable to Plaintiff for the relief prayed for in this complaint, and any future amended complaint.  Further, Plaintiff alleges that each act alleged herein,

whether by a named Defendants or fictitiously named Defendants or otherwise, was expressly authorized or ratified by each and every other Defendant herein, whether named or fictitiously named.

## FIRST CAUSE OF ACTION

## [VIOLATION OF THE FAIR CREDIT REPORTING ACT AGAINST ALL DEFENDANTS]

7.  Plaintiff re-alleges and incorporates all preceding paragraphs as though set forth in full in this cause of action.

8.  Plaintiff is a consumer as this term is defined by 15 U.S.C. Sec. 1681a(c) of the Fair Credit Reporting Act. All defendants are "furnishers" as defined by 15 U.S.C. 1681s-2 of the Fair Credit Reporting Act, except, EQUIFAX who is a "consumer reporting agency" as that term is defined in 15 U.S.C. Section 1681a (f).

9.  On or about April 6, 2016, Plaintiff signed an agreement to have solar panels installed on his property in Shirley Massachusetts. The terms of this agreement were under a "Power Purchase Agreement" (PPA), where he did not own any of the equipment, and instead paid Solar City (TESLA) for energy produced from the panels at a pre-arranged rate per Kilowatt Hour, similar to the electric company. *This was not a loan.* Plaintiff chose this type of arrangement to ensure that the solar system would not reflect on his debt-to-income ratio or appear on his credit report as he manages these carefully.

10. On or about December 28, 2020, Plaintiff discovered that EQUIFAX was reporting a $20,874 loan balance from TESLA. Plaintiff contacted TESLA via telephone and submitted a credit dispute via email.

11. On or about December 29, 2020, Plaintiff mailed a certified letter to EQUIFAX disputing the TESLA account appearing on his EQUIFAX credit report

---

COMPLAINT FOR DAMAGES          4

as an unsecured installment loan.

12. On or about January 22, 2021, Plaintiff received a reply from EQUIFAX (confirmation number: 1011508092). Their investigation resulted in new language and certain fields were modified, but the inaccurate and detrimental TESLA account remained substantially unchanged. Plaintiff called EQUIFAX regarding their reply and initiated a second dispute (confirmation number: 1033633975).

13. On or about February 3, 2021, Plaintiff received an EQUIFAX credit report showing the TESLA account as an unsecured installment loan with a high balance of $24,466. Under the Comment section there appeared one comment dated August 2020 stating, "Account previously in dispute – now resolved by data furnisher."

14. On or about February 16, 2021, Plaintiff sent a follow-up email to TESLA inquiring about the status of his previously filed dispute. Plaintiff has yet to receive a proper response from TESLA.

15. This has damaged Plaintiff's ability to refinance his primary residence at the most favorable rates and will end up costing him more. Having his borrowing power reduced because of this debt appearing on his EQUIFAX credit profile, particularly during these unsettling times, has brought on a significant amount of stress, anxiety and aggravation leading to sleepless nights. This has had a negative impact on his ability to function at full capacity at work as well as with his personal relationships.

16. On information and belief, EQUIFAX sent dispute notices to TESLA thereby activating TESLA'S obligations to Plaintiff under the Fair Credit Reporting Act.

17. Plaintiff complied with all requests of each of the Defendants to provide information in order to have the erroneous marks removed from his credit profile. Despite the insistence of Plaintiff, the Defendants, and each of them, failed to

correct the errors and failed to undertake sufficient investigations upon being notified of the errors.

18.  Within the past several years, Defendants, and each of them, willfully violated the provisions of the Fair Credit Reporting Act in *at least* the following respects:

a. By willfully and negligently failing, in the preparation of the consumer report concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the report;

b. By willfully and negligently failing to correct, after receiving ample notice, information about the Plaintiff which defendants knew, or should have known, was incomplete and/or inaccurate;

c.  By willfully and negligently failing to correct and/or delete the incomplete and inaccurate information in Plaintiff's  file after conducting an investigation;

d. By willfully and negligently failing to conduct a reasonable investigation of Plaintiff's complaints, and by willfully and negligently failing to implement corrective actions once the outcome of such investigations were known, or should have been known, to the defendants; and,

e.  By willfully and negligently failing to provide subsequent users of the report with the Plaintiff's statement of dispute or a summary thereof.

19.  As a proximate result of the actions of the Defendants, and each of them, Plaintiff has been damaged in an amount which will be proven at time of trial.  Plaintiff spent hours researching and evaluating the contracts for his solar system very specifically so that it would not be considered an "owned system" where he would carry any debt. When the TESLA account hit his credit report years after the contract was signed, it was very disturbing and surprising causing Plaintiff to be very worried and anxious. Plaintiff has lost sleep, has anxiety at

having his credit affected and not being able to refinance his home at the most favorable rates.   Specifically, Plaintiff has been damaged by the improper reporting of total outstanding debts, and debt-to-income ratios, affecting his financial wellbeing. As provided under the cited law, Plaintiff is entitled to actual damages, pain and suffering, punitive damages, penalties, costs and attorney fees.

20. Plaintiff alleges that defendants, and each of them, have willfully violated FCRA with respect to Plaintiff and towards others similarly situated. Specifically, defendants placed a large debt owing on his EQUIFAX credit reports when there was no debt owing.  This large debt damaged Plaintiff's credit standing and credit scores.  Plaintiff gave defendants ample opportunities to correct their mistake, but defendants, and each of them, have willfully refused to remove the alleged debt from Plaintiff's EQUIFAX credit report.  Slapping a large debt on a consumer's credit report is nothing but a pressure tactic to force consumers to repay debts they do not owe, and defendants have done this deliberately to coerce Plaintiff, and other consumers, into repaying debts they do not owe.    Furthermore, Plaintiff alleges that TESLA and DOES 1-10, Inclusive, made the decision to inflict large debts upon its solar customers' credit reports as an accounting ploy to falsely increase the balance-sheet assets of the company.  In addition to general and special damages according to proof, Plaintiff also seeks an assessment of punitive damages against TESLA and DOES 1-25, Inclusive.

## SECOND CAUSE OF ACTION
### VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT AGAINST TESLA AND DOES 1-10, INCLUSIVE.

21. Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action.

22. Within two years prior to the filing of the complaint in this action, defendants TESLA and DOES 1-10, Inclusive, have willfully and negligently violated the California Consumer Credit Reporting Agencies Act in at least the following ways:

23.  By willfully and negligently furnishing to credit reporting agencies information about the Plaintiff, which Defendants TESLA and DOES 1-10, Inclusive knew, or should have known, was incomplete or inaccurate.

24. Each of the Defendants TESLA and DOES 1-10, Inclusive willfully and negligently failed in their obligations to reinvestigate and correct the derogatory marks in Plaintiff's credit reports.  Plaintiff alleges that each of the Defendants TESLA and DOES 1-10, Inclusive' s policies and practices hinder and obstruct adequate and meaningful reinvestigations, and that each defendant knows of this effect of its policies and practices.

25.  As a proximate result of the willful and negligent actions of the Defendants TESLA and DOES 1-10, Inclusive, and each of them, Plaintiff has suffered both general and special damages in an amount which will be proven at time of trial. Plaintiff had four options to choose from when he was making his decision on the contract for his solar system. He chose the PPA option specifically so that it would not be considered an "owned system" where he would carry any debt. When the TESLA account hit his credit report years after the contract was signed, it was very disturbing and surprising causing Plaintiff to be very concerned, stressed and anxious. Plaintiff has lost sleep and has anxiety at not being able to refinance his home at lower more favorable rates.   Specifically, Plaintiff has been damaged by the improper reporting of total outstanding debts, and debt-to-income ratios, affecting his financial wellbeing. As provided under the cited laws, Plaintiff is entitled to actual damages, loss of wages, damage to credit reputation, pain and suffering, costs and attorney fees.  Plaintiff is also entitled to

punitive damages and statutory penalties for willful violations of the California Consumer Credit Reporting Agencies Act.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE CALIFORNIA FAIR DEBT COLLECTION PRACTICES ACT VS. TESLA AND DOES 1-10, INCLUSIVE

26.  Plaintiff incorporates all preceding paragraphs as though set forth in full in this cause of action.

27.  Under Cal. Civ. Code Section 1788.2, "debt collector" includes "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection."  Under this definition, TESLA and DOES 1-10, Inclusive, all qualify as "debt collectors".

28.  Under Cal. Civ. Code Section 1788.17, the requirements and prohibitions of the federal Fair Debt Collection Practices Act are incorporated into the California Fair Debt Collection Practices Act.  TESLA and DOES 1-10, Inclusive, all engaged in conduct proscribed by 15 U.S.C. Section 1692e and Section 1692f, as follows:

a. 15 USC 1692e (2): making false representations concerning the character, amount or legal status of any debt;

b. 15 USC 1692e (5): making threats to take legal action that cannot legally be taken;

c. 15 USC 1692e (8): communicating to any person credit information which is known or which should be known to be false;

d. 15 USC 1692f (1): attempting to collect an amount not authorized by the agreement creating the debt or permitted by law;

e. The above-referenced sections of FDCPA is not intended to be exhaustive, and Plaintiff reserves the right to plead additional violations of FDCPA as facts

_____
COMPLAINT FOR DAMAGES        9

become known.

29.  As a result of these violations of the California Fair Debt Collection Practices Act by TESLA and DOES 1-10, Inclusive, Plaintiff has suffered general and special damages according to proof, and is entitled to a statutory penalty for each separate violation of California's Act, as well as punitive damages against these Defendants for conduct amounting to fraud, oppression and malice under California law.  In addition, Plaintiff is entitled to attorney's fees, costs and expenses.

## FOURTH CAUSE OF ACTION

### [VIOLATION OF BUSINESS & PROFESSIONS CODE
### SECTION 17200 AGAINST TESLA AND DOES 1-10, INCLUSIVE]

30. Plaintiff re-alleges all preceding paragraphs as though alleged in full in this cause of action.

31. In addition to the false credit reporting, as alleged above, defendants TESLA and DOES 1-10, Inclusive, have also placed a lien and encumbrances on Plaintiff's property.  Such liens and encumbrances are unlawful, fraudulent and unfair because TESLA and DOES 1-10, Inclusive and its predecessor, Solar City, never advised Plaintiff that such liens and encumbrances would be placed on his property.  Plaintiff is not in any default to TESLA and DOES 1-10, Inclusive, so there is no contractual basis for encumbering Plaintiff's property.

32. In addition to such other relief as plaintiff may seek, Plaintiff respectfully requests permanent injunctive relief, quiet title, declaratory relief and any other available legal or equitable relief with the specific objective of removing the liens and encumbrances placed upon his residence by TESLA and DOES 1-10, Inclusive.  Plaintiff also seeks attorney's fees and costs for time incurred in prosecuting this claim and this action as a whole.

WHEREFORE, Plaintiff prays for judgment as follows:

1. For general and special damages according to proof at trial;

2. For statutory penalties for each separate statutory violation where allowed by statute;

3. For punitive damages against defendants according to proof at trial and using the applicable punitive damages standards from the involved statutes;

4. For attorney's fees where authorized by statute or law;

5. For costs of suit;

6. For such injunctive or equitable relief as may be necessary to effectuate removal of any liens or encumbrances upon plaintiff's residence, which were placed there by TESLA and DOES 1-10, Inclusive; and,

7. For such other relief as the court deems just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL**

Dated: March 18, 2021          **LAW OFFICES OF ROBERT F. BRENNAN, P.C.**

By: /s/ Robert F. Brennan _____
Robert F. Brennan
Attorney for Plaintiff